# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PARIS D. MCPETERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:19-cv-01202-CDP |
| | ) | |
| ANNE L. PRECYTHE, et al., | ) | |
| | ) | |
| Respondents, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of petitioner Paris D. McPeters for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the financial information submitted in support, the Court finds that the motion should be granted. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order petitioner to show cause why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed for failure to exhaust state remedies.

### Background

Petitioner is a pro se litigant who is currently incarcerated in the Missouri Eastern Correctional Center (MECC) in Pacific, Missouri. On February 19, 2019, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Arizona. *McPeters v. Precythe, et al.*, No. CV-19-01185-DJH-ESW (D. Ariz.). The petition is on a District of Arizona court form. Petitioner also filed a motion for leave to proceed in forma pauperis. On May 7, 2019, the Arizona District Court transferred the matter to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1406(a), because petitioner was convicted and is in custody in Missouri.

## The Petition

On May 2, 2006, petitioner pled guilty to two counts of first-degree drug trafficking and one count of possession with intent to distribute, deliver, manufacture, or produce a controlled substance. *State of Missouri v. McPeters*, No. 0511-CR07054-01 (11th Cir., St. Charles County). He was given a ten-year sentence on each drug trafficking count, to run concurrently. However, the execution of those sentences was suspended, and petitioner was placed on probation for a period of five years. Petitioner was also sentenced to five years imprisonment on the possession count. Upon release from that sentence, he was directed to report to the probation office. According to petitioner, he was paroled on July 11, 2007. (Docket No. 1 at 8).

A motion to revoke petitioner's probation was filed on January 30, 2008. It does not appear, though, that his probation was actually revoked until September 9, 2009. On that date, petitioner's ten-year suspended sentence was executed.

It is not entirely clear when petitioner was paroled. At some point, however, he was released from prison, because he states that on August 16, 2018, Amy Cape of Missouri Probation and Parole had him arrested. (Docket No. 1 at 6). He was thereafter returned to the Missouri Department of Corrections.

In ground one of his petition, petitioner alleges that he has already served the complete ten year sentence in his case. Specifically, he states that he has not been credited with 692 days of time served. (Docket No. 1 at 6, 8). In ground two, petitioner claims that one of the counts of first-degree drug trafficking of which he was originally charged was dropped because the detective on his case was "terminated from his duties due to misconduct." (Docket No. 1 at 9). He concludes that since this detective was involved in the entirety of his case, the other counts should have been dismissed as well. In ground three, petitioner states that his good time credit

while on parole from July 31, 2013 to April 6, 2016 was miscalculated. As a result, petitioner asserts that his sentence should have been completed prior to August 16, 2018, when he was retaken into custody. (Docket No. 1 at 13). Finally, in ground four, petitioner states that MECC is "unfit for confinement."

**Discussion**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges four separate grounds, though his chief complaint seems to be that he has not been given the proper credit against his sentence for time served in custody. As discussed below, however, there is no indication that petitioner has sought or exhausted his state remedies. Therefore, he will be directed to show cause why his petition should not be dismissed.

**A. Exhaustion**

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust state remedies, a petitioner must fairly present his claim in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). This requires him to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state

3

case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999).

Review of petitioner's state case shows that he has not filed a motion in the circuit court to address the allegations in his petition. Indeed, petitioner himself explains that he has only written letters to administrative staff within MECC and to the probation and parole office. (Docket No. 1 at 6). Thus, there is no indication that petitioner has exhausted his state remedies. As noted above, the state must be given an opportunity to review and correct alleged violations before petitioner can seek federal habeas relief.

**B. Order to Show Cause**

Petitioner will be given thirty days in which to show cause, in writing, why his petition should not be dismissed for failure to exhaust state remedies. If petitioner does not comply with this order, his case will be dismissed without prejudice and without further notice.

**C. Ground Four – Conditions of Confinement Claim**

In ground four of his petition, petitioner states that his prison is "unfit for confinement." (Docket No. 1 at 11). He makes claims of overcrowding, inadequate meal times, inadequate access to the law library, and understaffing. He also alleges that the prison is in close proximity to a nuclear power plant that is "releasing clouds of radiation into the atmosphere."

These types of claims are not properly brought through a petition for writ of habeas corpus, because they do not challenge the fact or duration of his imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (stating that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005)

(explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release); and *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (stating that when "a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action"). Rather, an unconstitutional conditions of confinement claim should be brought pursuant to 42 U.S.C. § 1983. *See, e.g. Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998) (stating that pursuant to the Eighth Amendment, prison officials are required to "ensure that inmates receive adequate food, clothing, shelter, and medical care").

The Court will direct the Clerk of Court to send to plaintiff a copy of the Court's civil rights complaint form, as well as a motion to proceed in forma pauperis. If plaintiff desires to pursue his conditions of confinement claim, he must fill out the civil complaint form and file it as a *separate* action. He must also pay the full filing fee or file a motion to proceed in forma pauperis along with the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner must show cause in writing and within **thirty (30) days** of the date of this order why his petition should not be dismissed for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this order, his petition will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's motion to proceed in forma pauperis – prisoner cases form.

Dated this 29th day of July, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE