**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

PARIS D. MCPETERS,                              )
                                                )
                 Petitioner,                    )
                                                )
        v.                                      )        4:19-cv-01202-CDP
                                                )
ANNE L. PRECYTHE, et al.,                       )
                                                )
                 Respondents,                   )

**MEMORANDUM AND ORDER**

        This matter is before the Court on its own motion. On July 29, 2019, the Court directed

petitioner Paris D. McPeters to show cause why his petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254 should not be dismissed for failure to exhaust state remedies. Petitioner was

given thirty days in which to file a written response. No response has been filed. Therefore, for the

reasons discussed below, petitioner's petition will be denied and dismissed.

**Background**

        On February 19, 2019, petitioner filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 in the United States District Court for the District of Arizona. *McPeters v. Precythe,*

*et al.*, No. CV-19-01185-DJH-ESW (D. Ariz.). The petition was handwritten on a District of

Arizona court form. In the petition, petitioner indicated that he was incarcerated in the Fulton

Reception and Diagnostic Center in Fulton, Missouri. On May 7, 2019, the Arizona District Court

transferred the matter to the United States District Court for the Eastern District of Missouri

pursuant to 28 U.S.C. § 1406(a), because petitioner was convicted and in custody in Missouri.

        In the petition, petitioner challenged his May 2, 2006 conviction for two counts of first-

degree drug trafficking and one count of possession with intent to distribute, deliver, manufacture,

or produce a controlled substance. *State of Missouri v. McPeters*, No. 0511-CR07054-01 (11th Cir., St. Charles County).[1] Petitioner was given a ten-year sentence on each drug trafficking count, to run concurrently. However, the execution of those sentences was suspended, and petitioner was placed on probation for a period of five years. He was also sentenced to five years' imprisonment on the possession count. Upon release from that sentence, he was directed to report to the probation office. According to petitioner, he was paroled on July 11, 2007. (Docket No. 1 at 8).

A motion to revoke petitioner's probation was filed on January 30, 2008. It does not appear, though, that his probation was actually revoked until September 9, 2009. On that date, petitioner's ten-year suspended sentence was executed.

At some point, petitioner was paroled, because he stated that on August 16, 2018, Amy Cape of Missouri Probation and Parole had him arrested. (Docket No. 1 at 6). He was thereafter returned to the Missouri Department of Corrections. Subsequently, petitioner advised the Court of a change of address, indicating that he was no longer incarcerated. (Docket No. 9). According to a Missouri Department of Corrections offender search, petitioner is being monitored by the District 8C Office of Probation and Parole.

The petition filed by petitioner contained four grounds for relief. First, in ground one, petitioner alleged that he had already served the complete ten-year sentence in his case. Specifically, he stated that he had not been credited with 692 days of time served. (Docket No. 1 at 6, 8). In ground two, petitioner claimed that one of the counts of first-degree drug trafficking of which he was originally charged was dropped because the detective on his case was "terminated from his duties due to misconduct." (Docket No. 1 at 9). He concluded that since this detective

---

[1] Petitioner's state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

was involved in the entirety of his case, the other counts should have been dismissed as well. In ground three, petitioner stated that his good time credit while on parole from July 31, 2013 to April 6, 2016 was miscalculated. As a result, petitioner asserted that his sentence should have been completed prior to August 16, 2018, when he was retaken into custody. (Docket No. 1 at 10). Finally, in ground four, petitioner stated that Missouri Eastern Correctional Center (MECC), where he was incarcerated, was "unfit for confinement." (Docket No. 1 at 11).

On July 29, 2019, the Court ordered petitioner to show cause in writing why his petition should not be dismissed for failure to exhaust state remedies. (Docket No. 8). In doing so, the Court noted that a review of petitioner's state case showed that he had not filed a motion in the circuit court to address the allegations in his petition. Petitioner was given thirty days in which to file a response.

On August 12, 2019, petitioner filed a notice of change of address with the Court. (Docket No. 9). On August 22, 2019, the memorandum and order that had been mailed to petitioner was returned as undeliverable. (Docket No. 10). The Court's order was resent to the new address provided by petitioner in his notice of change of address. More than thirty days have elapsed since that time, and petitioner has not submitted a response to the Court's order to show cause.

### Discussion

Petitioner has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, he alleges that his good-time credit has been miscalculated, and that the charges against him should have been dismissed due to law enforcement misconduct. The Court previously ordered petitioner to show cause why his petition should not be dismissed for failure to exhaust state remedies. Petitioner did not file a response. For the reasons discussed below, his petition must be denied and dismissed.

### A. Exhaustion of State Remedies

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claim in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). This requires him to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999).

As noted above, the Court has reviewed petitioner's state court records. The Court has found no indication that petitioner has filed a motion in the circuit court that addresses the allegations in his petition. Indeed, petitioner himself has explained that he has only written letters to administrative staff within MECC and to the probation and parole office. (Docket No. 1 at 6). There is no evidence that he has fairly presented his claim in the appropriate state court, thereby giving the state an opportunity to pass upon and correct any violation of petitioner's federal rights. Petitioner was given the opportunity to demonstrate that he had exhausted his state remedies before

filing the instant petition. However, petitioner did not submit a written response within the timeframe given by the Court.

### B. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, as discussed above, petitioner has failed to exhaust his state remedies before pursuing federal habeas relief. *See* 28 U.S.C. § 2254(b)(1). Petitioner was given an opportunity to demonstrate exhaustion, but has failed to file a response with the Court. Therefore, petitioner's 28 U.S.C. § 2254 petition must be denied and dismissed.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Paris D. McPeters' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED** for failure to exhaust state remedies. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 28th day of October, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE